UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN WRIGHT, in her capacity as next friend of D.W., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:07-CV-617 (CEJ) ) |
| AMERICAN AIRLINES, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the separate motions of defendants American Airlines, Inc., and Chautauqua Airlines, Inc., to dismiss Count I of plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiff has responded, and the issues are fully briefed.

Plaintiff Susan Wright brings this action on behalf of herself and her minor son, D.W., asserting a claim under the Air Carrier Access Act, 49 U.S.C. § 41705 (Count I), and pendent state law claims of negligence, intentional infliction of emotional distress, negligent misrepresentation, and breach of contract (Counts II through V). Plaintiff alleges that D.W. was injured when he was denied accommodation for his disability while traveling on the defendants' airplanes. Defendants removed the action to this Court on April 2, 2007, on the basis of diversity jurisdiction and original jurisdiction. Each defendant has filed an answer and a motion to dismiss.

## I. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## II. Discussion

Defendants move to dismiss Count I on the basis that there is no private right of action to enforce the Air Carrier Access Act (ACAA), which prohibits air carriers from discriminating against

2

disabled individuals. 49 U.S.C. § 41705 (2003). The ACAA does not expressly provide for a private right of action. Id. Defendants maintain that the statute's provisions for administrative remedies and limited court review show that Congress did not implicitly intend to provide a private cause of action to enforce the ACAA in a federal district court.

In Tallarico v. Trans World Airlines, Inc., 881 F.2d 566 (8th Cir. 1989), the Court of Appeals for the Eighth Circuit reached the opposite conclusion and found an implied private cause of action. As plaintiff correctly notes, Tallarico is the governing law in this Circuit. Defendants acknowledge this, but they suggest that the Court of Appeals would reach a contrary conclusion today, because Tallarico is based on an analysis of private causes of action that the Supreme Court has refined in the intervening years.

The circumstances in Tallarico were analyzed under Cort v. Ash, 422 U.S. 66 (1975). According to Cort, in order to determine whether a statute implicitly provides a private cause of action, the court must: (1) whether plaintiff belonged to "the class for whose especial benefit the statute was enacted," (2) whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one," (3) whether implying such a remedy is "consistent with the underlying purposes of the legislative scheme," and (4) whether the cause of action is one "traditionally relegated to state law" such that "it would be inappropriate to infer a cause of action based solely on federal law." Id. at 78 (citations omitted).

Applying the Cort factors, the Tallarico court held that Congress implicitly provided a private right of action to address alleged violations of the ACAA. 881 F.2d at 570. In so doing, the court explicitly examined congressional intent. Id. The Court of Appeals reasoned that the ACAA was enacted in response to the Supreme Court's ruling in United States Dep't of Transp. v. Paralyzed Veterans of America, 477 U.S. 597 (1986). That case held that "Section 504 of the Rehabilitation Act of 1973 applies only to those commercial airlines receiving direct federal subsidies." Tallarico at 569-70. Because that limited holding did not foreclose the possibility of discrimination by non-federally funded air carriers, Congress amended the Federal Aviation Act to prohibit discrimination against disabled individuals. Id. Coupled with "the fact that the ACAA is patterned after the Rehabilitation Act of 1973," which had been held to imply a private cause of action, the Court of Appeals determined that Congress implicitly intended to provide a private cause of action under the ACAA. Id. See also Tallarico v. Trans World Airlines, Inc., 693 F.Supp. 785, 788-89 (E.D. Mo. 1988).

The Supreme Court has revisited the analysis of whether a private cause of action exists. See, e.g., Cannon v. University of Chicago, 441 U.S. 677 (1979); Thompson v. Thompson, 484 U.S. 174 (1988); and Alexander v. Sandoval, 532 U.S. 275 (2001). The dispositive inquiry is Congressional intent:

> [P]rivate rights of action to enforce federal law must be created by Congress. . . . The judicial task is to interpret the statute Congress has passed to determine whether it

4

> displays an intent to create not just a private right but also
> a private remedy. . . . Statutory intent on this latter point
> is determinative.

Sandoval, 532 U.S. at 286 (internal citations omitted).[1] To assess statutory intent, the Court must first examine the text and structure of the statute. Id. at 288.

As defendants note, several courts analyzing the ACAA under Sandoval have found no implied private cause of action. See Love v. Delta Air Lines, Inc., 310 F.3d 1347 (11th Cir. 2002); Ruta v. Delta Air Lines, Inc., 322 F.Supp.2d 391 (S.D.N.Y. 2004); Boswell v. Skywest Airlines, Inc., 361 F.3d 1263 (10th Cir. 2004); and Chipps v. Continental Airlines, Inc., not reported in F.Supp.2d, 2006 WL 463160, *5 (M.D. Pa. 2006).[2] Since the filing of defendants' motions, a district court in the Eighth Circuit also has reached the conclusion that no private right of action exists under the ACAA. See Shqeirat v. U.S. Airways, Inc., 515 F.Supp.2d 984, 1002 (D. Minn. 2007).

This Court finds the reasoning of the cases cited by defendants persuasive. In Love v. Delta Airlines, 310 F.3d 1347,

---

[1] See also Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299 (6th Cir. 2000); Edelson v. Ch'ien, 405 F.3d 620 (7th Cir. 2005); and Buck v. American Airlines, Inc., 476 F.3d 29 (1st Cir. 2007).

[2] In addition to discussing Tallarico, plaintiff observes that the Fifth Circuit also found that the ACAA creates a private cause of action, in Shinault v. American Airlines, Inc., 936 F.2d 796 (5th Cir. 1991). While the Shinault court found that the ACAA created a private cause of action, it explicitly disagreed with the reasoning of Tallarico. Id. at 803. The Court also notes that Shinault predates Sandoval.

5

the court extensively analyzed the ACAA and described in detail its "elaborate and comprehensive enforcement scheme." Id. at 1354-55. That scheme requires the United States Department of Transportation (DOT) to investigate complaints of alleged ACAA violations. Id.; 49 U.S.C. § 46101(a)(1). The statute gives DOT the power to compel compliance with the ACAA, to revoke an air carrier's carrier certificate, and to impose fines. Id., citing 49 U.S.C. §§ 46101(a)(4), 41110(a)(2)(B), and 46301(a)(3)(E). DOT "may also initiate an action in a federal district court to enforce the ACAA . . . or may ask the Department of Justice to bring a civil action." Id., citing 49 U.S.C. §§ 46106, 46107(b)(1)(A)-(B). Finally, an individual with a "substantial interest" in a DOT enforcement action may petition for a review of an enforcement decision in a United States Court of Appeals. Id., citing 49 U.S.C. § 46110(a).

The Love court concluded that the ACAA's comprehensive enforcement scheme and its provision for review by a Court of Appeals indicated that Congress did not implicitly intend to provide a private cause of action in federal district court. Id. at 1357-58. This Court agrees. The ACAA creates several avenues for addressing potential violations but does not explicitly provide a private cause of action. The Act authorizes the DOT to initiate an action in federal district court (or to request that the Department of Justice do so). Finally, the Act provides for review of DOT enforcement decisions by a United States Court of Appeals. The provision of such an enforcement scheme suggests that Congress

intended to preclude alternative means of enforcing the statute. See <u>Sandoval</u>, 532 U.S. at 290. The Court believes that, if called upon to do so, the Court of Appeals would reexamine its ruling in <u>Tallarico</u> and would conclude that the ACCA does not confer upon any individual a private right of action. Thus, the allegations in Count I of the complaint fail to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motions to dismiss [# 6, # 11] are **granted.**

**IT IS FURTHER ORDERED** that Count I of the complaint is dismissed, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2008.